**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PO KEE WONG,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES SOLICITOR GENERAL,<br><br>Defendant. | Civil Action No. 11-1372 (EGS) |

**MEMORANDUM OPINION**

This case is before the Court on defendant United States Solicitor General's motion to dismiss. Plaintiff, proceeding *pro se*, filed his Complaint on July 28, 2011 requesting that the Court grant a number of unclear "orders" related to a wide variety of subject matter, including state retirement benefits, rejected patent applications, patent infringement, and tax refunds. Defendant filed a motion to dismiss on December 12, 2011, arguing, among other things, that the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), and that certain claims were barred by the doctrine of res judicata. Plaintiff's response to the motion to dismiss, filed December 28, 2011, attached numerous emails sent by plaintiff to the President of the United States, members of Congress, and hundreds of other people, but shed no further light on plaintiff's claims nor did it address most of the

government's arguments. Upon consideration of the motion, the response and reply thereto, the entire record[1], the applicable law, and for the reasons set forth below, the defendant's motion to dismiss the action is **GRANTED**.

## I. BACKGROUND

Plaintiff is no stranger to the courts, having filed numerous claims in various state and federal courts. *See Wong v. Boston Ret. Bd.*, 861 N.E.2d 420, 421, 448 Mass. 1012, 1012-1013 (Mass. 2007); *Wong v. United States*, 342 Fed. App'x 623, 624-25 (Fed. Cir. 2009); *In re Wong*, 80 Fed. App'x 107, 108 (Fed. Cir. 2003); *In re Wong*, 188 Fed. App'x 981 (Fed. Cir. 2006).[2] Plaintiff has apparently not been successful in these attempts, and now appears to have collected a list of the relief sought in his failed lawsuits, in addition to other requests, into an omnibus claim for "orders" from this Court. Construing

---

[1] In addition to the Complaint and his opposition to the motion to dismiss, plaintiff has also filed several supplemental documents in this action. *See* Notice to the Court (Docket No. 3), Notice to the Court (Docket No. 4), Notice of Supplemental Authority (Docket No. 12), Notice to the Court (Docket No. 13), Notice to the Court about NBPTS document (Docket No. 14), Notice to the Court about an Open Challenge (Docket No. 15). The documents include copies of letters and emails purportedly sent by Mr. Wong to various people (including the President of the United States, Secretary of State Hillary Clinton, Caroline Kennedy, members of Congress, federal judges, and clerks of court), miscellaneous documents that are apparently related to some or all of Mr. Wong's alleged patents, and documents relating to his former teaching position. The Court has considered these voluminous documents in rendering its decision and has determined that their content is either repetitive of the issues already raised by plaintiff or irrelevant to the disposition of the case.

[2] The Court takes judicial notice of these prior proceedings and their subsequent appeals. *See Covad Commc'ns Co. v. Bell Atlantic Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005) (permitting judicial notice of public records of other proceedings).

the Complaint liberally, the Court understands plaintiff's claims to fall into three general categories.

1. **Plaintiff's Retirement Benefits Claim**

Plaintiff asks that the Court "issue an ORDER to the Retirement Board of the City of Boston, State Massachusetts to allow Po Kee Wong to buy back nine years and five months for my full retirement of my educational services allowable by the Boton [sic] Retirement Law." (Compl. ¶ 1). Plaintiff has already fully litigated this claim. *See Wong v. Boston Ret. Bd.*, 861 N.E.2d 420, 421, 448 Mass. 1012, 1012-1013 (Mass. 2007). In that decision, plaintiff unsuccessfully challenged the Boston Retirement Board's denial of certain retirement credits through a series of administrative law appeals and through the Massachusetts state court system. *Id.* Plaintiff failed to file a timely appeal in state court, then moved for permission to docket his appeal late, which was denied. *Id*. He then appealed to a single justice of the Massachusetts Supreme Judicial Court, who affirmed the denial. *Id*. Unsatisfied with that decision, Plaintiff appealed to a panel of justices on the Massachusetts Supreme Judicial Court, which affirmed the denial once again. *Id*. Plaintiff then filed a petition with the United States Supreme Court for writ of certiorari, which was denied, followed by a petition for rehearing, which was also denied. *Wong v. Boston Ret. Bd.*, 552 U.S. 975 (2007) (denying

petition for writ of certiorari to the Supreme Judicial Court of Massachusetts); *Wong v. Boston Ret. Bd.*, 552 U.S. 1084 (2007) (denying petition for rehearing). In his Complaint, plaintiff also seeks to have this Court review the Supreme Court's denial of certiorari in the Retirement Board matter. (Compl. ¶ 7).

### 2. Plaintiff's Patent Claims

Plaintiff makes reference to several patent and patent application serial numbers, and appears to allege that the patents have been infringed upon or that certain patent applications were wrongly denied. He asks the Court:

> To issue an ORDER to the Solicitor General and to the USPTO to complete the issuance of the U.S. Patent Application Serial Number 08/980,657; (Compl. ¶ 2)
>
> To issue an ORDER to the United States Government for a claim of NASA Case Number I-218 for actions for patent and copyright infringement of U.S. Patent Number 5,084,232 and 5,848,377; (Compl. ¶ 3)
>
> To issue an ORDER to the United States Government to enforce the U.S. Patent Law by issuing ORDERS to whoever has been the infringers must pay their royalties and/or license fee to the patent owner Dr. Po Kee Wong or Systems Research Company. ( This claim appears related to U.S. Patents 5,084,232;5,848,377 and 6,430,516 and U.S. Patent application Serial numbers 08/980,657 and 07/147,217). (Compl. ¶ 8)

Plaintiff provides no further information regarding any of these patents and patent applications, nor does he explain the basis of any alleged infringement, why he believes any

applications should have been granted, or why the defendant Solicitor General is liable for any harm caused.

**a. The ‘232, ‘377 and ‘516 Patents**

With respect to United States Patent Numbers 5,084,232 (the ‘232 Patent), 5,848,377 (the ‘377 Patent), and 6,430,516 (the ‘516 Patent), plaintiff has already had his day in court. *See Wong v. United States*, 342 Fed. App’x 623, 624-25 (Fed. Cir. 2009). In that case, plaintiff brought claims against the United States for infringement of the ‘232, ‘377 and ‘516 patents. *Id*. Despite allowing plaintiff the opportunity to state his claim more fully, the Court of Federal Claims eventually dismissed the infringement claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The United States Court of Appeals for the Federal Circuit affirmed, finding that plaintiff had “failed to produce any facts upon which he could sustain his allegation that the government had infringed on his patents.” *Id*. Plaintiff petitioned the Supreme Court for a writ of certiorari, and was denied, followed by a petition for rehearing, which was also denied. *See Wong v. U.S.*, 131 S.Ct. 126 (2010) (denying petition for writ of certiorari); *Wong v. U.S.*, 131 S.Ct. 1041 (2011) (denying motion for leave to file a petition for rehearing).

It appears that Plaintiff also seeks to have this Court review the Supreme Court's denial of certiorari on his patent infringement claim. Plaintiff begins his Complaint by stating that "The Honorable Judge Reggie B. Walton is invited to review the Supreme Court case 09-10968...." (Compl. at first unnumbered paragraph). The Supreme Court docket number cited is plaintiff's appeal of the Federal Circuit's decision that plaintiff's patents had not been infringed. *See Wong v. U.S.*, 131 S.Ct. 126 (2010).

**b. The '657 Patent Application**

Plaintiff seeks an order compelling the "issuance" of United States Patent Application number 08/980,657 (the '657 application). This is at least the fourth time plaintiff has asked a federal court to review the denial of the '657 application. Plaintiff initially appealed a 2002 decision of the United States Patent and Trademark Office, Board of Patent Appeals and Interferences (the "Patent Board"), which rejected his patent application on the merits of the patent. *In re Wong*, 80 Fed. App'x 107, 108 (Fed. Cir. 2003). The Federal Circuit, upholding the Patent Board's decision, found that plaintiff failed to demonstrate that the Patent Board committed reversible error in rejecting plaintiff's patent application. *Id*. at 109. Plaintiff's motion for rehearing and rehearing *en banc* were

denied. *See id.* The Patent and Trademark Office subsequently deemed the patent abandoned, as plaintiff had failed to continue prosecuting the patent, and sent plaintiff a notice of abandonment. *In re Wong*, 188 Fed. App'x 981 (Fed. Cir. 2006).

In 2005, plaintiff filed a petition to revive the abandoned application, which the Commissioner of Patents ("Commissioner") denied on July 19, 2005. *Id*. Plaintiff then filed a notice of appeal, seeking review by the Federal Circuit of the Commissioner's denial, and the Director of the Patent and Trademark office moved to dismiss. *Id*. The Federal Circuit granted the motion, finding that it did not have jurisdiction over the Commissioner's denial of the petition to revive the abandoned application. *Id*. (stating that, under the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq., jurisdiction over the Commissioner's denial lay in the district courts). The plaintiff then appealed that decision to the Supreme Court. *In re Wong*, 552 U.S. 807, (2007) (denying petition for writ of mandamus); *In re Wong*, 552 U.S. 1056 (2007) (denying petition for rehearing).

Apparently unhappy with the decision of the Federal Circuit, but unwilling to file his claim in a federal district court as required by the Administrative Procedure Act, plaintiff sought review of his claim regarding the '657 application when

he brought his other claims for alleged patent infringement in the Court of Federal Claims. *See Wong v. United States*, 342 Fed. App’x 623 (Fed. Cir. 2009). The court rejected his claim relating to the ‘657 application for lack of jurisdiction. *Id*. at 625. Plaintiff appealed that decision to the Supreme Court. *Wong v. United States*, 131 S.Ct. 126 (2010) (denying petition for writ of certiorari); *Wong v. United States*, 131 S.Ct. 1041 (2011).

Two years later, plaintiff has filed a Complaint in this Court, and seeks to compel the “issuance” of the ‘657 patent application. (Compl. ¶ 2). Plaintiff also asks the court to issue an order “for unfair ruling by the Supreme Court” regarding his denial of certiorari on the ‘657 application. (Compl. ¶ 7).

**c. The ‘217 Patent Application**

Plaintiff makes a passing reference to United States Patent Application number 07/147,217 in his Complaint. (Compl. ¶ 8). He has not alleged whether the application was his, whether it was granted or denied, or any other facts relating to this application.

**3. Remaining Claims**

Plaintiff’s remaining claims are as follows:

> To issue an ORDER to the United States Government for Federal contract bid protests as can be evidenced from the FOIA reports from various agencies of the United States Government. (Compl. ¶ 4).
>
> To issue an ORDER to the United States Government for tax refunds for unusual charges in the past for owing IRS corporate taxes. (Compl. ¶ 5).
>
> To issue an ORDER to the United States government for unfair contract like the one under the order of U.S. Department of Transportation Systems Center's order TS-15054 report in Cambridge, Massachusetts on May 15, 1978. (Compl. ¶ 6).
>
> To issue an ORDER to Airleaf-Jones Harvest and Chosen Few Books companies to deliver 50 copies of Po Kee Wong's Book entitled [A collection of Truth Articles] in reference to the page JPSR -000242 to page JPSR-000294 in the Appendix of the Joint Preliminary Status Report filed at the U.S. Court of Federal Claim. (Compl. ¶ 9).

Nothing in the record sheds any further light on the factual or legal basis of these claims.

## II. STANDARD OF REVIEW

The pleadings of *pro se* parties, such as the plaintiff in the instant action, are “to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.” *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). Nevertheless, “although a court

will read a pro se plaintiff's complaint liberally," a pro se complaint, no less than any other complaint, "must present a claim on which the Court can grant relief." *Chandler v. Roche*, 215 F. Supp. 2d 166, 168 (D.D.C. 2002) (citing *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981)). Furthermore, a pro se litigant is not relieved of the burden of pleading an adequate jurisdictional basis for his claims. *Atwal v. Lawrence Livermore Nat. Sec. LLC*, 786 F. Supp. 2d 323, 325 (D.D.C. 2011).

**A. Rule 12(b)(6)**

1. Failure to State a Claim

Rule 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). The Supreme Court instructs that, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 129 S.Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

2. Res Judicata

The doctrine of res judicata is designed to "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation." *Hardison v. Alexander,* 655 F.2d 1281, 1288 (D.C. Cir. 1981). Res judicata prevents the Court from hearing "repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *United States v. Tohono O'Odham Nation*, 131 S.Ct 1723, 1730 (2011) (citation and internal quotation marks omitted). The doctrine bars a subsequent lawsuit if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction. *Small v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006) (citations omitted). Res judicata also prevents the relitigation of claims that were actually litigated in a prior suit, as well as those that could have been litigated but were not. *See Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002). Thus, it relieves parties of the cost and vexation of multiple lawsuits, conserves judicial resources, prevents inconsistent decisions, and encourages reliance on adjudication. *Montana v. United States*, 440 U.S. 147, 153-54 (1979). A claim dismissed

on grounds of res judicata is dismissed under Federal Rule of Civil Procedure 12(b)(6). *See Johnson v. United States*, --- F. Supp. 2d ----, 2012 WL 251925 at *1, fn. 1 (D.D.C. Jan. 27, 2012) (citing *Smalls v. U.S.*, 471 F.3d 186, 189 (D.C. Cir. 2006)).

**B. Rule 12(b)(1)**

On a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing subject matter jurisdiction. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *see Fed. R. Civ. P.* 8(a)(1). Federal courts are courts of limited jurisdiction and the law presumes that "a cause of action lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

**III. ANALYSIS**

**A. Plaintiff's Claim for an Order Granting Retirement Benefits (Compl. ¶ 1) is Dismissed on Grounds of Res Judicata**

Plaintiff's claim to retirement benefits has been decided by the Supreme Judicial Court of Massachusetts, undoubtedly a court of competent jurisdiction, and plaintiff appears to have exhausted every possible avenue for appeal. *See Wong v. Boston Ret. Bd.*, 861 N.E.2d 420, 421, 448 Mass. 1012, 1012-1013 (Mass. 2007), cert. denied, *Wong v. Boston Ret. Bd.*, 552 U.S. 975, 128

S.Ct. 440 (2007), reh'g denied, *Wong v. Boston Ret. Bd.*, 552 U.S. 1084, 128 S.Ct. 826 (2007). Although plaintiff ostensibly brings this action against the Solicitor General, he is asking that the Court order the Boston Retirement Board, the defendant in the initial action, to pay his claimed retirement benefits. Hence, the elements of the same claim, same parties, and final judgment on the merits by a court of competent jurisdiction are present to warrant dismissal of this claim on the ground of res judicata.

**B. Plaintiff's Claims for Orders Regarding Infringement of the '232, '337, and '516 Patents (Compl. ¶ 3, 8) are Dismissed on Grounds of Res Judicata**

Plaintiff's request that the Court issue orders to the "United States Government" regarding infringement of the '232, '337, and '516 patents is also barred by the doctrine of res judicata. Plaintiff has litigated this claim in the Court of Federal Claims and appealed that court's decision to the United States Court of Appeals for the Federal Circuit. *Wong v. United States*, 342 Fed. App'x 623 (Fed. Cir. 2009), cert. denied, *Wong v. U.S.*, 131 S.Ct. 126 (2010), reh'g denied, *Wong v. U.S.*, 131 S.Ct. 1041 (2011). The Federal Circuit affirmed the dismissal of plaintiff's case, finding that he had "failed to produce any facts upon which he could sustain his allegation that the government had infringed on his patents." *Id.* at 624-45. This dismissal qualifies as a "decision on the merits" for purposes

of res judicata. *See Jenson v.* Huerta, --- F. Supp. 2d ----, 2011 WL 614552, *3 (D.D.C. 2011). Plaintiff had his opportunity to fully litigate the claims regarding the '232, '337 and '516 patents against the United States and received a decision on the merits from a court of competent jurisdiction. Accordingly, this claim must be dismissed.

**C. Plaintiff's Claims for Orders Regarding Patent Applications '657 and '217 (Compl. ¶ 2, 8) are Dismissed for Failure to State a Claim**

Plaintiff's claim regarding the '657 application must be dismissed for failure to state a claim. Although this is plaintiff's fourth attempt to bring this claim before a court, plaintiff's Complaint is still utterly devoid of any facts or circumstances surrounding the Commissioner's denial of the '657 application. Plaintiff merely seeks to compel the Court to "issue an ORDER to the Solicitor General and the USPTO to complete the issuance of the U.S. Patent Application Serial Number 08/980,657." (Compl. ¶ 2).

Liberally construing the Complaint, and assuming that plaintiff is indeed seeking an appeal of the denial to revive an abandoned patent application, the Court finds that plaintiff's claim cannot withstand a motion to dismiss. Plaintiff does not explain the basis for his belief that his abandoned patent application should have been revived. Plaintiff has not alleged

whether he complied with the requirements of 37 C.F.R. § 1.137, which sets forth the process for reviving an abandoned patent application, nor has plaintiff alleged whether any such decision by the Commissioner is a final agency decision eligible for review by a district court. *See* 5 U.S.C. § 704. Plaintiff has not alleged how the defendant, the Solicitor General, is liable for the decision of the Commissioner, nor has plaintiff provided the Court with an administrative record, if any exists, of the denial of the motion to revive the patent application. In short, plaintiff has provided the Court with no facts that could sustain his claim for overturning the Commissioner's denial of plaintiff's petition to revive his abandoned patent application. Plaintiff has wholly failed to provide a "short and plain statement of the claim showing that [plaintiff] is entitled to relief" and his claim regarding the '657 application should therefore be dismissed. *See* Fed. R. Civ. P. 8(a)(2), 12(b)(6).

For the same reasons, plaintiff's claim regarding the '217 application also fails. Other than plaintiff's passing reference to the application number and his request that the Court issue an order regarding that application, plaintiff has set forth no factual or legal basis for his claim regarding the '217 application. Accordingly, it must also be dismissed for

failure to state a claim. *See* Fed. R. Civ. P. 8(a)(2), 12(b)(6).

**D. Plaintiff's Request that the Court Review Certain Supreme Court Orders (Compl. ¶ 7 and first unnumbered paragraph) is Dismissed for Lack of Jurisdiction**

Plaintiff has asked the Court to review the Supreme Court's denial of certiorari for his retirement benefits claim (Docket No. 07-209), his patent infringement claim (Docket No. 09-10968), and his attempt to revive patent application number '657 (Docket No. 06-1705). Plaintiff has identified no jurisdictional basis under which this Court would have authority to review the Supreme Court's denial of certiorari; indeed, there is none. Accordingly, plaintiff's claims ordering the Court to review Supreme Court decisions are therefore dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction.

**E. Plaintiff's Remaining Claims that this Court Issue "Orders" (Compl. ¶ 4, 5, 6, 9) are Dismissed for Failure to State a Claim**

Plaintiff's remaining claims are indecipherable. They include a request for an order regarding "federal contract bid protests as can be evidenced from the FOIA reports from various agencies of the United States Government" (Compl. ¶ 4); an order "for tax refunds for unusual charges in the part for owing IRS corporate taxes" (Compl. ¶ 5); an order "for unfair contract

like the one under the order of U.S. Department of Transportation Systems Center's order TS-15054 report in Cambridge, Massachusetts on May 16, 1978" (Compl. ¶ 6); and an order "to Airleaf-Jones Harvest and Chosen Few Books companies to deliver 50 copies of Po Kee Wong's Book entitled [A collection of Truth Articles] in reference to the page JPSR-000242 and to page JPSR-000294 in the Appendix of the Joint Preliminary Status Report filed at the U.S. Court of Federal Claim" (Compl. ¶ 9). The plaintiff provides no further factual information in support of these claims.

Having reviewed these remaining four claims in the light most favorable to plaintiff, the Court concludes that plaintiff has utterly failed to provide the Court with a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 167 (internal citations omitted). Accordingly, to the extent that paragraphs 4, 5, 6, and 9 of the Complaint purport to state claims, those claims are dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court must GRANT defendant's motion to dismiss plaintiff's Complaint. Having found sufficient grounds to grant defendant's motion, the Court does not reach defendant's arguments regarding service of process.

Accordingly, defendant's motion to dismiss the Complaint is **GRANTED**. An appropriate Order accompanies this Memorandum Opinion.

**Signed: Emmet G. Sullivan**
**United States District Judge**
**March 15, 2012**